IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT M. LOPEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER RANDOW,<br><br>  Defendant.<br>_____ | No. C 05-4334 MMC (PR)<br><br>**ORDER OF DISMISSAL** |

The above-titled action consists of a letter in which plaintiff, an inmate at Pelican Bay State Prison ("PBSP") alleges that a PBSP guard, Correctional Officer Randow ("Randow"), verbally harassed him. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff claims that Randow verbally abused him.  Specifically, plaintiff alleges that Randow told him that another PBSP guard lied when telling plaintiff that plaintiff's mother had not died.  Plaintiff claims that Randow's comments caused him "spiritual pain."  Plaintiff cites no federal law, and this Court is aware of none, that prohibits Randow's comments.  Although 42 U.S.C. § 1983 protects inmates' from violations of their rights under federal law, allegations of verbal harassment and abuse fail to state a claim cognizable under § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (holding "disrespectful and assaultive comments" by prison guard insufficient to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987) (holding allegations of vulgar language directed at prisoner insufficient to state constitutional deprivation under § 1983).  Accordingly, the verbal harassment alleged in this case does not state a cognizable claim for the violation of any federal law.

**CONCLUSION**

In light of the foregoing, the above-entitled action is DISMISSED for failure to state a cognizable claim for relief.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 3, 2005

_____
MAXINE M. CHESNEY
United States District Judge

2